UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BOBO, <br><br> Plaintiff, <br><br> v. <br><br> PLYMOUTH HOUSING GROUP HUMPHREY HOUSE, <br><br> Defendant. | Case No. C13-2203-RAJ <br><br> REPORT AND RECOMMENDATION |

Plaintiff Charles L. Bobo, proceeding *pro se*, has filed an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint against defendant Plymouth Housing Group Humphrey House. Dkt. 1, Att. 1. Plaintiff's claim is most clearly stated in the section of his complaint describing his requested relief. Specifically, plaintiff asks the Court to grant him $20,000,000, and asserts that he "need[s] special paperwork [to] keep living in this apartment and pay little fee[.]  [P]aying too much rent money 200.00 dollars mo. Keep give me 3 day notice to pay rent or vacate[.]  Do not want me living in this complex[.] How long can they live for 25.00 mo. Some people living for free." Dkt. 1, Att. 1 at 3.

The Court notes that Mr. Bobo has filed similar complaints against Plymouth Housing Group Humphrey House in *Bobo v. Plymouth Housing Group Humphrey House*, C12-2071-MJP,

REPORT AND RECOMMENDATION - 1

1  *Bobo v. Plymouth Housing Group Humphrey House*, C13-849-JCC, and *Bobo v. Plymouth*
2  *Housing Group Humphrey House*, C13-1497-RSM.  Given this pattern, the Honorable Ricardo
3  S. Martinez ordered that in deciding whether to grant Mr. Bobo IFP status, the Court must
4  determine whether good cause exists to permit the action to go forward, and that "Mr. Bobo
5  cannot file the same claims against the same defendant if those claims were dismissed with
6  prejudice."  *See* C13-1044, at Dkt. 7.  Specifically, Judge Martinez ordered that in all future
7  cases filed with the Court, Mr. Bobo must provide a signed statement along with his complaint
8  that (1) explains the factual legal basis for the claim or claims presented; (2) explains whether
9  Mr. Bobo has previously named that defendant in another lawsuit; (3) states in clear terms
10 whether the prior claim or claims were dismissed with or without prejudice (as Mr. Bobo cannot
11 file the same claims against the same defendant if those claims were dismissed with prejudice);
12 and (4) for any claims previously dismissed without prejudice, Mr. Bob shall state specifically
13 how he plans to effect service and provide timely proof of service on each defendant within 120
14 days.

15       Here, Mr. Bobo inaccurately asserts that he has not previously named Plymouth Housing
16 Group Humphrey House in a prior lawsuit.  Dkt. 1 at 4.  As mentioned above, Mr. Bobo named
17 this defendant in at least three prior cases in this district, *Bobo v. Plymouth Housing Group*
18 *Humphrey House*, C12-2071-MJP, *Bobo v. Plymouth Housing Group Humphrey House*, C13-
19 849-JCC, and *Bobo v. Plymouth Housing Group Humphrey House*, C13-1497-RSM.

20       However, Mr. Bobo further asserts that any "claim or claims were dismissed without
21 prejudice[.]  Mr. Bobo can file same claims because they were not dismissed with prejudice."
22 Dkt. 1 at 4.  Mr. Bobo is correct that C12-2071-MJP was dismissed without prejudice.  As of the
23 date of this Report and Recommendation, C13-1497-RSM remains pending, although it is

REPORT AND RECOMMENDATION - 2

apparent from the docket that plaintiff has failed to effectuate service in a timely manner. Contrary to Mr. Bobo's representation, C13-849-JCC was dismissed with prejudice. However, the present complaint differs in some significant respects from Mr. Bobo's claims in C13-849-JCC, because this case concerns Mr. Bobo's receipt of a "3 day notice [to] pay or vacate" although he asserts that he is "only one mo[nth] behind" in his rent. Dkt. 1 at 4.

Regardless of the differences between the present complaint and C13-849-JCC, however, the Court finds that Mr. Bobo has failed to adequately comply with the fourth requirement of Judge Martinez's pre-filing order. As mentioned above, Judge Martinez ordered that "for any claims previously dismissed without prejudice, Mr. Bobo shall state specifically how he plans to effect service and, within 120 days as provided under Fed. R. Civ. P. 4(m), shall provide proof that he has served each defendant." Mr. Bob simply states that he "plans to service defendant within 120 days after summons issue." Dkt. 1 at 4. This assertion is insufficient to comply with Judge Martinez's directive, as plaintiff does not explain *how* he plans to effect service, such as identifying his method of service.

Accordingly, the Court finds that Mr. Bobo has failed to comply with the conditions of Judge Martinez's pre-filing order. As a result, the undersigned recommends that Mr. Bobo's IFP application, Dkt. 1, be DENIED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 19th day of December, 2013.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3